# Court of Appeals
# of the State of Georgia

ATLANTA, <u>November 14, 2013</u>

*The Court of Appeals hereby passes the following order:*

## A13A1520. PARK et al. v. BAILEY.

On September 5, 2012, Janna Brook Park and Derek Bradley Park filed a petition to adopt a minor child in the Superior Court of Tattnall County. Tracy Bailey, the child's biological father, had previously filed a petition for paternity, custody, and support in his home state of Alabama, and an Alabama court entered an order of paternity that declared Bailey to be the child's natural father with all associated rights, duties, and obligations. Thereafter, the Superior Court of Tattnall County ("the trial court") permitted Bailey to intervene in the Parks' adoption proceeding pursuant to OCGA § 9-11-24.

The Parks filed a motion to vacate the order allowing Bailey to intervene, to deny intervention, and to quash pleadings filed by him. The Parks later filed a motion to terminate Bailey's parental rights under OCGA § 19-8-12 (f) on the basis that, after notice, Bailey failed to file a petition to legitimate the child in Georgia pursuant to OCGA § 19-7-22. Cf. OCGA § 15-11-94 (termination of parental rights based on parental misconduct or inability). After two hearings on the Parks' motion to terminate Bailey's parental rights, the trial court entered an order on January 31, 2013, that denied that motion as well as the Parks' other pending motions. On the issue of the termination of Bailey's parental rights, the trial court found that, under the circumstances of this case, Bailey is the child's legal father; therefore, OCGA § 19-8-12 (f) does not apply. The trial court provided temporarily for some visitation. The trial court did not take up the Parks' pending adoption petition at the hearings and did not rule on the petition in the January 31, 2013 order. At the hearings on the Parks' motion to terminate Bailey's parental rights, their counsel indicated that he would seek an interlocutory appeal from the denial of that motion. After the trial court ruled on the Parks' motions, however, they failed to follow the interlocutory appeal procedure

of OCGA § 5-6-34 (b). Instead, the Parks filed this direct appeal from the January 31, 2013 order.

Bailey moved to dismiss the appeal for lack of jurisdiction. As he points out, the trial court has not entered a final order in this case either granting or denying the Parks' petition to adopt the child. The Parks argue, however, that the denial of their motion to terminate Bailey's parental rights functions, effectively, as a denial of their adoption petition. A final order granting or denying a petition for adoption may be appealed directly under OCGA § 5-6-34 (a) (1). *Rokowski v. Gilbert*, 275 Ga. App. 305 (1) (620 SE2d 509) (2005). The fact remains, however, that the Parks' adoption petition remains pending in the trial court, as their counsel conceded at the hearings. The Parks' failure to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b) deprives us of jurisdiction to review the interlocutory orders at this time. *Gray v. Springs*, 224 Ga. App. 427 (481 SE2d 3) (1997) (An order that granted the biological father's petition for legitimation, denied the mother's claim for termination of the biological father's parental rights, denied the stepfather's adoption petition, and reserved ruling on the issues of custody and visitation was interlocutory. The mother and stepfather's direct appeal was therefore premature, and this Court dismissed the appeal on that basis.). But see *Rokowski v. Gilbert*, 275 Ga. App. at 305 (1) (A timely filed notice of appeal from a final judgment and decree of adoption gave this Court jurisdiction to consider previous orders entered in the case, including an order terminating the biological father's parental rights.).

Accordingly, Bailey's motion to dismiss is GRANTED, and this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __11/14/2013__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*